IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAYSON S. MURPHY, | ) | CASE NO. 1:12-cv-01951 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN, Mansfield Correctional | ) | KATHLEEN B. BURKE |
| Institution, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

Petitioner Jayson S. Murphy ("Petitioner" or "Murphy") filed a habeas corpus action

pursuant to 28 U.S.C. § 2254 on July 27, 2012 ("Petition").  Doc. 1.  Respondent filed an

Answer/Return of Writ.  Doc. 11.  Murphy filed his Traverse.  Doc. 25.

Murphy challenges the constitutionality of his conviction and sentence in *State of Ohio v.*

*Jayson S. Murphy*, Case No. CR 530815 (Cuyahoga County).[1]  Doc. 1, Doc. 11-1, p. 12.[2]

(Exhibit 5).  A jury found Murphy guilty of Sexual Battery as charged in Counts Five, Six,

Seven, and Eight of the indictment.  Doc. 11-1, p. 11 (Exhibit 4); Doc. 11-1, pp. 12-13 (Exhibit

5).  The jury found Murphy not guilty of four counts of Rape, one count of Kidnapping, and one

count of Intimidation of Crime Victim or Witness.  Doc. 11-1, p. 11 (Exhibit 4); Doc. 11-1, pp.

12-13 (Exhibit 5).   The trial court sentenced Murphy to an aggregate sentence of 20 years, 5

years on each of Counts Five, Six, Seven, and Eight to run consecutive to each other with

---

[1] In his Petition, Murphy lists 95705 as the "docket or case number" for both the trial and appellate court cases.
Doc. 1, pp. 1, 3, 6, 7, 8, 9, 10.  The Eighth District Court of Appeals case number for Murphy's direct appeal is
95705.  Doc. 11-1, p. 18 (Exhibit 7).  The Cuyahoga County Common Pleas trial court case number is 530815.  Doc.
11-1, p. 4 (Exhibit 1).

[2] Page number references refer to the page number for the cited ECF Doc.

provisions for post-release control.  Doc. 11-1, pp. 12-13 (Exhibit 5).    The trial court also designated Murphy a Tier III sex offender. Doc. 11-1, pp. 12-14 (Exhibit 5).

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  For the reasons set forth below, the undersigned recommends that the Court **DENY** Murphy's Petition (Doc. 1).

## I.    FACTUAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Eighth District Court of Appeals summarized the facts underlying Murphy's conviction as follows:

> {¶ 9} The events that led to the indictment took place on October 4, 2009. The victim testified that she and Murphy had been in a relationship since June or July of 2009. Until October of that year, they had a consensual sexual relationship. During the course of their sexual relationship, they "role-play [ed]," had "sex toys," took pictures of themselves having sexual intercourse, and took "sexy" pictures of each other. The victim testified that at some point their relationship changed and Murphy became more controlling.

> {¶ 10} On the night of October 4, the victim and Murphy had arrived at the victim's home around 9:30 p.m. The victim testified that she told Murphy that she was going to take Ambien, which is a sleeping pill, because she was exhausted and had school in the morning. But she testified that the real reason she took the Ambien was that she was tired of Murphy and just wanted to sleep.

> {¶ 11} The victim went upstairs to her bedroom, put her "night clothes on," and took one Ambien pill. It was approximately 9:45 p.m. when she took it. About five minutes after she took it, she said that she felt "real dizzy," and her "knees buckle[d]." She made it to her bed, and that is all she remembered until 8:00 the next morning, when her alarm went off.

> {¶ 12} The victim explained that before she left her house that next morning, Murphy approached her and said, "I want to show you somethin'." He showed her

his cell phone, which had sexual photos of her on it that he had taken the night before when she was sleeping. She asked Murphy why he did it, and he replied, "if you stay, you got nothin' to worry about, but if you leave I'm puttin' these pictures on the Internet, I show everybody." The victim testified that she later found more sexual photos of herself on her cell phone that Murphy had taken of her while she was sleeping.

{¶ 13} The victim identified 21 photos that Murphy had taken of her with his cell phone, and seven photos he had taken with her cell phone. She identified several photos that showed her sleeping, and photos where he had pulled down her "panties" and exposed her breasts and posed her in different positions. There were photos of Murphy's fingers in the victim's anus and vagina at the same time, and a photo where his three fingers were in her vagina. There were also photos of Murphy using the victim's sex toys, a "purple dildo" and a "glass dildo," on her while she was sleeping, including pictures of both "dildos" in her anus and in her mouth.

{¶ 14} The victim also identified several sexual photos that she and Murphy had taken of themselves. In these particular photos, the victim stressed that she was awake and consented to the photos, unlike the ones where she was asleep.

{¶ 15} The victim did not report the incidents until October 23, 2009, after Murphy had broken down her door and threatened her.

{¶ 16} Murphy testified on his own behalf. He admitted to taking the photos of the victim, but claimed she consented to it, just as she had in the past.

*State of Ohio v. Jayson S. Murphy,* 2011 WL 3210042, *1-2, ¶¶ 9-16 (Ohio Ct. App. July 28, 2011); *see also* Doc. 11-1, pp. 82-84 (Exhibit 9).

## II.     PROCEDURAL BACKGROUND

### A.     State Conviction

#### 1.   Indictment

In November 2009, the Cuyahoga County Grand Jury indicted Murphy on ten counts, including four counts of Rape under O.R.C. § 2907.02(A)(1)(c), with Sexually Violent Predator Specifications under O.R.C. § 2941.148(A) (Counts One through Four); four counts of Sexual Battery under O.R.C. § 2907.03(A)(2) (Counts Five through Eight); one count of Kidnapping under O.R.C. § 2905.01(A)(4), with a Sexual Motivation Specification under O.R.C. §

3

2941.147(A) (Count Nine); and one count of Intimidation of Crime Victim or Witness under

O.R.C. § 2921.04(B) (Count Ten).  Doc. 11-1, pp. 4-8 (Exhibit 1).

### 2.  Jury trial and sentencing

On July 12, 2010, Murphy waived his right to a jury trial as to the Sexually Violent

Predator Specifications in Counts One through Four.  Doc. 11-1, p. 10 (Exhibit 3).  Following a

jury trial, the jury found Murphy guilty of Sexual Battery as charged in Counts Five, Six, Seven,

and Eight of the indictment and not guilty on the remaining Counts.  Doc. 11-1, p. 11 (Exhibit 4);

Doc. 11-1, pp. 12-13 (Exhibit 5).   On August 11, 2010,[3] the trial court sentenced Murphy to an

aggregate sentence of 20 years, 5 years on each of Counts Five, Six, Seven, and Eight to run

consecutive to each other with provisions for post-release control.  Doc. 11-1, pp. 12-13 (Exhibit

5).   The trial court also designated Murphy a Tier III sex offender. Doc. 11-1, pp. 12-14

(Exhibit 5).

### B.  Direct Appeal

On September 15, 2010, Murphy, with counsel, filed a Notice of Appeal to the Eighth

District Court of Appeals.  Doc. 11-1, pp. 15-17 (Exhibit 6).  On January 7, 2011, Murphy filed

his brief (Doc. 11-1, pp. 18-53 (Exhibit 7)) setting forth the following assignments of error:

I.      Jason Murphy was Deprived of Effective Assistance of Counsel, Thereby
        Being Deprived of a Fair Trial.

II.     The Verdict was against the manifest weight of the evidence, thereby
        creating a manifest miscarriage of justice.

III.    It was Error to Convict Jason Murphy for More Than One Count of Sexual
        Battery Where The Evidence Adduced One Uninterrupted Episode of
        Sexual Acts.

---

[3] The sentencing journal entry was filed on August 18, 2010.  Doc. 11-1, p. 12 (Exhibit 5).

Doc. 11-1, p. 22 (Exhibit 7).  The State of Ohio filed its brief in response.  Doc. 11-1, pp. 54-78 (Exhibit 8).  On July 28, 2011, the Eighth District Court of Appeals found no merit to Murphy's appeal and affirmed his conviction and sentence.  Doc. 11-1, pp. 79-92 (Exhibit 9).

Murphy did not file a timely appeal of the Eighth District Court of Appeals' decision.[4] On November 14, 2011, Murphy, *pro se*, filed a Motion for Leave to File Delayed Appeal with the Ohio Supreme Court (Doc. 11-1, pp. 93-113 (Exhibit 10)) with a Notice of Appeal (Doc. 11-1, pp. 111-113 (Exhibit 11)).[5]  On January 18, 2012, the Ohio Supreme Court denied Murphy's motion for delayed appeal.  Doc. 11-1, p. 114 (Exhibit 12).

**C.    Application for Reopening under Ohio App. R. 26(B)**

On October 27, 2011, Murphy, *pro se*, filed an Application for Reopening Pursuant to App.R. 26(B) with the Eighth District Court of Appeals.  Doc. 11-1, pp. 115-128 (Exhibit 13). He raised the following five assignments of error claiming ineffective assistance of appellate counsel:

> First Assignment of Error: Appellate counsel failed to raise the issue of "Sufficiency of the evidence." Therefore creating Ineffective Assistance of of appellate counsel.
>
> Second Assignment of Error: Appellate counsel failed to raise the issue of "Prosecutorial Misconduct. Therefore creating Ineffective Assistance of appellate counsel.

---

[4] Per S.Ct. Prac. R. 2.2(A)(1)(a), "[t]o perfect an appeal from a court of appeals to the Supreme Court, . . . the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed . . . the appellant shall also file a memorandum in support of jurisdiction . . . at the time the notice of appeal is filed."  Effective January 1, 2013, the Rules of Practice of the Ohio Supreme Court were amended and renumbered.  The rules relating to perfection of jurisdictional appeals are now contained in S.Ct. Prac. R. 7.01.

[5] In his Motion for Leave to File Delayed Appeal, Murphy stated:

> I did not apply a Notice of Appeal along with my supreme court appeals packet.  I have recently obtained the Notice of Appeal form to send along with my packet.  The Notice of appeal form was not given out with my appeal packet.  Will send everything needed along with my delayed appeal to your court.  I also completed a 26(B) for reopening my appeal in the 8th district appellate court which should toll my supreme court appeal time.

Doc. 11-1, p. 94 (Exhibit 10).

Third Assignment of Error: Appellate counsel failed to raise the issue of failure to "Instruct the jury on Lesser Included Offense.  Therefore creating Ineffective assistance of appellate counsel.

Fourth Assignment of Error: Appellate counsel failed to raise the issue of "Inconsistent Verdict.  Therefore creating Ineffective assistance of appellate counsel.

Fifth Assignment of Error: Appellate counsel was ineffective for failing to argue "Allied Offenses," correctly.

Doc. 11-1, pp. 118-126 (Exhibit 13).  The State of Ohio filed a Memorandum in Opposition.

Doc. 11-1, pp. 129-135 (Exhibit 14).  Murphy filed a Rebuttal to the State of Ohio's

Memorandum in Opposition.  Doc. 11-1, pp. 136-142 (Exhibit 15).  On March 19, 2012, the

Eighth District Court of Appeals denied Murphy's App. R. 26(B) Application.  Doc. 11-1, pp.

143-152 (Exhibit 16).  On March 29, 2012, Murphy, *pro se*, filed for Reconsideration of the

Eighth District Court of Appeals' 26(B) decision.  Doc. 11-1, pp. 153-154 (Exhibit 17).  On

April 24, 2012, the Eighth District Court of Appeals denied Murphy's request for

reconsideration.  Doc. 11-1, p. 155 (Exhibit 18).

On April 9, 2012, Murphy filed a Notice of Appeal (Doc.11-1, pp. 156-158 (Exhibit 19))

and Memorandum in Support of Jurisdiction (Doc. 11-1, pp. 159-186 (Exhibit 20)) with the Ohio

Supreme Court.  In his Memorandum in Support of Jurisdiction, Murphy raised the following

five Propositions of Law:

Proposition of Law 1: Appellate counsel failed to raise the issue of "Sufficiency of the evidence." Therefore creating Ineffective Assistance of of appellate counsel.

Proposition of Law 2: Appellate counsel failed to raise the issue of "Prosecutorial Misconduct. Therefore creating Ineffective Assistance of appellate counsel.

Proposition of Law 3: Appellate counsel failed to raise the issue of "Trial Court failed to instruct the jury on the lesser Included Offense of Sexual Battery as charged in the indictment."

Proposition of Law 4: Appellate counsel failed to raise the issue of "Inconsistent Verdict.  Therefore creating Ineffective assistance of appellate counsel.

Proposition of Law 5: Appellate counsel was ineffective for failing to argue "Allied Offenses," correctly.

Doc. 11-1, pp. 168-176 (Exhibit 20).  On June 20, 2012, the Ohio Supreme Court dismissed Murphy's appeal as not involving any substantial constitutional question.  Doc. 11-1, p. 187 (Exhibit 21).

## D.    Federal Habeas Corpus

On July 27, 2012, Murphy filed his petition for writ of habeas corpus (Doc. 1) wherein he asserts seven grounds.  Doc. 1.  Grounds One through Five are set forth and discussed below in Section III(C)(1) and Grounds Six and Seven are set forth and discussed below in Section III(C)(2).

## III.    LAW and ANALYSIS

## A.    Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling AEDPA provision states:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision is "contrary to" clearly established federal law when the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or decides a case differently than the Supreme Court has on a set of materially indistinguishable

facts.  *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S.

362, 412-13 (2000)).  A state court's adjudication only results in an "unreasonable application"

of clearly established federal law when the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts

of the prisoner's case.  *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413).  "The 'unreasonable

application' clause requires the state court decision to be more than incorrect or erroneous."

*Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  "The state court's application of clearly established

law must be objectively unreasonable."  *Id.*

        In order to obtain federal habeas corpus relief, a petitioner must establish that the state

court's decision was "so lacking in justification that there was an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement."  *Bobby v.

Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions

in the state criminal justice systems,' not a substitute for ordinary error correction through

appeal."  *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)

(Stevens, J., concurring in judgment)).  In short, "[a] state court's determination that a claim

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

correctness of the state court's decision."  *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652,

664 (2004)).  The petitioner carries the burden of proof.  *Cullen v. Pinholster*, 131 S.Ct. 1388,

1398 (2011).

**B.**     **Exhaustion and Procedural Default**

**1.  Exhaustion**

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  28 U.S.C. § 2254(b)(1)(A).  A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action.  28 U.S.C. § 2254(b), (c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)) ("[f]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts").  A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

In order to satisfy the fair presentation requirement, a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  This means that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law.  *See, e.g.*, *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987).  In determining whether a petitioner presented his claim in such a way as to alert the state courts to its federal nature, a federal habeas court should consider whether the petitioner: (1) relied on federal cases employing constitutional analysis; (2) relied on state cases employing constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.  *McMeans,* 228 F.3d at 681.

### 2.  Procedural Default

A petitioner must meet certain procedural requirements in order to have his claims reviewed in federal court.  *Smith v. Ohio Dep't of Rehab. & Corr.,* 463 F.3d 426, 430 (6th Cir. 2006).  "Procedural barriers, such as . . . rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  *Daniels v. United States*, 532 U.S. 374, 381 (2001).  Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).  Failure to exhaust applies where state remedies are "still available at the time of the federal petition."  *Id.* at 806 (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)).  In contrast, where state court remedies are no longer available, procedural default rather than exhaustion applies.  *Williams*, 460 F.3d at 806.

Procedural default may occur in two ways.  *Williams*, 460 F.3d at 806.  First, a petitioner procedurally defaults a claim if he fails "to comply with state procedural rules in presenting his claim to the appropriate state court."  *Id.*  In *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *See also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and

the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D.Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."); *see also State v. Moreland*, 50 Ohio St.3d 58, 62 (1990)(failure to present a claim to a state court of appeals constituted a waiver).  "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."  *Williams*, 460 F.3d at 806.  While the exhaustion requirement is technically satisfied because there are no longer any state remedies available to the petitioner, see *Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review.  *Williams*, 460 F.3d at 806.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claims are not considered.  *Coleman*, 501 U.S. at 750.  "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'"  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

**C.    Grounds One through Seven are procedurally defaulted**

Respondent argues that each of Murphy's seven grounds for relief is procedurally defaulted and barred from federal habeas review.  Doc. 11, pp. 10-17.  Respondent further argues

that Murphy cannot demonstrate cause and prejudice or a fundamental miscarriage of justice which is required in order to overcome the procedural default.  Doc. 11, pp. 10-17.  For the reasons discussed below, the undersigned recommends that the Court find Murphy's seven grounds for relief procedurally barred from federal habeas review and deny Murphy's Petition.

### 1.  Grounds One through Five

#### a.  Murphy did not raise and/or fairly present the claims raised in Grounds One through Five  for review by the state courts

In Grounds One through Five, Murphy alleges:

**Ground One:** Court never instructed jury of the lesser included of Sexual Battery or G.S.I.  The Sexual Battery Was charged on the indictment and Murphy was convicted on those charges, but the jury was never instructed on sexual battery or g.s.i.

**Ground Two:** PROSECUTORIAL MISCONDUCT:  Made comments of prior charge and made improper comments reffering to that charge wich was only a misdemeaner.

**Ground Three:** Inconsistent Verdicts arise out of inconsistent responses to the same count.

**Ground Four:** Allied Offenses because of the same conduct eventhough seperate and distinct acts same conduct can possibly be construed than only can be sentenced to one sentence.

**Ground Five:** Insufficient evidense because the alleged victim admitted she did not know if Murphy committed the crime and admitted to the jury she could not tell a lie and say Murphy committed the offense.

Doc. 1.

In his direct appeal to the Eighth District Court of Appeals, Murphy raised three assignments of error:

I.  Jason Murphy was Deprived of Effective Assistance of Counsel, Thereby Being Deprived of a Fair Trial.

II.  The Verdict was against the manifest weight of the evidence, thereby creating a manifest miscarriage of justice.

III.    It was Error to Convict Jason Murphy for More Than One Count of Sexual Battery Where The Evidence Adduced One Uninterrupted Episode of Sexual Acts.

Doc. 11-1, p. 22 (Exhibit 7).

Murphy concedes that Grounds One through Five were not raised as independent grounds at the state court level but argues that one or more of those grounds should be reviewed because his appellate counsel was ineffective in failing to raise those issues in his direct appeal.  Doc. 25, p. 5.

In addition to Murphy's concession, a review of the record demonstrates that Murphy did not present Grounds *One, Two, Three*, and *Five* in his direct appeal to the Eighth District Court of Appeals.  Moreover, Murphy did not timely appeal the Eighth District Court of Appeals' decision with respect to his direct appeal to the Ohio Supreme Court and the Ohio Supreme Court denied his motion for delayed appeal.  Doc. 11-1, p. 114 (Exhibit 12).  Thus, Murphy procedurally defaulted Grounds One, Two, Three and Five because he did not fairly present his claims at all levels of the state court appellate review process and Murphy cannot demonstrate that state court remedies remain available to him to raise the claims that he has presented in Grounds One, Two, Three and Five. *See Baston*, 282 F.Supp.2d at 661 ("Issues not presented at each and every level cannot be considered in a federal habeas corpus petition"); *see also Williams*, 460 F.3d at 806 ("If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.").  Unless he can overcome the procedural default by demonstrating cause and prejudice or a fundamental miscarriage of justice, Grounds One, Two, Three and Five are barred from federal habeas review.

13

With respect to Ground *Four*, when filing his appeal with the Eighth District Court of

Appeals, Murphy presented claims contained in Ground Four in his Third Assignment of Error

(allied offenses).  Doc. 11-1, pp. 48-53 (Exhibit 7).  However, Murphy failed to timely appeal to

the Ohio Supreme Court and the Ohio Supreme Court denied his motion for delayed appeal.

Doc. 11-1, p. 114 (Exhibit 12).   Thus, Ground Four is procedurally defaulted because he did not

fairly present his claims at all levels of the state court appellate review process and Murphy

cannot demonstrate that state court remedies remain available to him to raise the claims that he

has presented in Ground Four.[6] *See O'Sullivan*, 526 U.S. at 847-848 (finding that petitioner's

failure to present his federal habeas claims to the state's highest court in a timely fashion

constituted procedural default of those claims); *see also Williams*, 460 F.3d at 806 ("If, at the

time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the

claim is procedurally defaulted.").  Unless he can overcome the procedural default by

demonstrating cause and prejudice or a fundamental miscarriage of justice, Ground Four is

barred from federal habeas review.

### b.  Murphy's App. R. 26(B) Application did not preserve the underlying substantive claims and does not establish cause and prejudice to overcome the procedural default

"[A] Rule 26(B) application 'based on ineffective assistance cannot function to preserve'

the underlying substantive claim."  *Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008) (citing

*White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005); *see also*, *Glenn v. Bobby*, 2013 WL

3421888, * 10 (N.D. Ohio July 8, 2013) ("When an appellant claims that appellate counsel was

---

[6] Also, under the *Maupin* analysis, Murphy procedurally defaulted Ground Four because he failed to comply with the state procedural rule which required that he timely appeal to the Ohio Supreme Court.  Further, the Ohio Supreme Court enforced its procedural rule when it denied Murphy's motion for leave to file a delayed appeal and that denial "constitutes a procedural ruling sufficient to bar federal review." *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (finding procedural default where the petitioner failed to timely appeal to the Ohio Supreme Court and the Ohio Supreme Court subsequently denied a motion for leave to file a delayed appeal).

ineffective because he failed to raise certain claims, that does not fairly present the underlying substantive claims that appellate counsel failed to raise to the state courts.").  Thus, to the extent that Murphy claims that his App. R. 26(B) Application for Reopening[7] preserved the claims he has presented in Grounds One through Five (Doc. 25, pp. 4-6), his argument is without merit.

In his Petition, Murphy did not raise claims of ineffective assistance of appellate counsel as independent grounds for relief in Grounds One through Five.   Thus, to the extent that Murphy has attempted to raise claims of ineffective assistance of appellate counsel in his Traverse (Doc. 25, p. 5) his attempt to do so is futile and the Court need not address those claims as independent grounds for relief.  *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (claims first addressed in a traverse rather than in a habeas petition were not properly before the district court); *see also Jalowiec v. Bradshaw*, 657 F.3d 293, 311-312 (6th Cir. 2011).

Notwithstanding Murphy's inability to now raise independent claims of ineffective assistance of appellate counsel, a claim of ineffective assistance of appellate counsel, if not procedurally defaulted itself, in certain circumstances may serve as cause to excuse the procedural default of the underlying substantive claim(s). *Edwards v. Carpenter*, 529 U.S. 446, 451-454 (2000).   Thus, to the extent that Murphy is asserting or relying on ineffective assistance of appellate counsel, the undersigned addresses those claim below in the context of determining whether those claims establish cause and prejudice sufficient to overcome procedural default.

   **c.   Murphy has not demonstrated either cause and prejudice or a fundamental miscarriage of justice which are necessary to overcome procedural default**

   Grounds One, Four and Five

_____

[7] The specifics of Murphy's App. R. 26(B) are outlined above in Section II(C).

Except with respect to Ground One, *in his Petition*,[8] Murphy does not allege that his appellate counsel failed to assert any other ground or relief.[9]  However, *in his Traverse*, Murphy states "of the five (5) issues raised in Petitioner's Application for Reopening of Appeal, only (2) out of those (5) issues Petitioner will rely on to demonstrate how appellate counsel was ineffective for failure to raise these claims on direct review."  Doc. 25, p. 5.  He proceeds to argue that his appellate counsel was ineffective because she did not correctly argue the issue of allied offenses (the claim underlying Ground Four).  Doc. 25, pp. 5, 9-14.  He also argues that his appellate counsel was ineffective for failing to raise a sufficiency of the evidence claim (the claim underlying Ground Five).  Doc. 25, pp. 5, 9-19.

Considering Murphy's *pro se* pleadings liberally, it appears that Murphy is asserting that his appellate counsel's alleged ineffectiveness should serve as cause for his failure to raise Grounds One, Four and Five at all levels in the state court proceedings.  *See Haines v. Kerner, 404 U.S. 519, 520 (1972)* (allegations in *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers").  Notwithstanding Murphy's arguments, as discussed more fully below, the undersigned concludes that Murphy has failed to demonstrate cause and prejudice[10] to overcome his procedural default of Grounds One, Four and Five.

---

[8] *In his Petitio*n, Murphy states that he raised Ground One, which relates to the failure to instruct on a lesser included offense, in his direct appeal.  Doc. 1, p. 5.  Yet, in response to the question "If you did not raise this issue in your direct appeal, explain why," Murphy stated "Appellate counsel never raised the issue."  Doc. 1, p. 5.

[9] In Ground Six Murphy claims ineffective assistance of appellate counsel because appellate counsel "admitted guilt twice in her appellate breif, under murphy's Allied Offense argument." Doc. 1, p. 11.  However, as discussed below, Ground Six is procedurally defaulted and not relevant to the discussion with respect to Grounds One through Five.

[10] A petitioner may also attempt to overcome a procedural default through a showing of a fundamental miscarriage of justice, i.e., that he is actually innocent.  A claim of actual innocence requires a showing of "new reliable evidence" and requires a showing of factual innocence, not mere legal insufficiency.  *See Schulp v. Delo*, 513 U.S. 298, 324 (1995); *Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998) for the proposition that "actual innocence means factual innocence, not mere legal insufficiency") (internal quotations omitted). Murphy has not attempted to demonstrate that the procedural default of his grounds for relief should be overcome on the basis that he is actually innocent.

In order for a petitioner's claim of ineffective assistance of counsel to serve as cause to overcome a procedural default, the petitioner must have presented that claim to the state courts as an independent claim, i.e., the ineffective assistance of counsel claim must not itself have been procedurally defaulted.  *Dixon v. Hudson*, 2008 WL 540905, * 5 (N.D. Ohio Feb. 25, 2008) (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

In his App. R. 26(B) Application for Reopening, Murphy presented five assignments of error, including the three claims of ineffective assistance of appellate counsel that he claims serve as cause for his procedural default.[11]  Doc. 11-1, pp. 118-126 (Exhibit 13).  In his Memorandum in Support of Jurisdiction, Murphy raised five Propositions of Law, including the three claims of ineffective assistance of appellate counsel that he claims serve as cause for his procedural default.[12]  Doc. 11-1, pp. 168-176 (Exhibit 20).

Because Murphy's claims of ineffective assistance of counsel with respect to the issues of sufficiency of evidence and allied offenses were presented to the state courts as independent claims and in the manner argued here, further analysis is required in order to determine whether those claims may serve as cause for Murphy's procedural default of Grounds Four and Five.

With respect to Murphy's claim that his appellate counsel was ineffective for not properly raising a claim of trial court error based on a failure to instruct on a lesser included offense, Murphy's claim was not presented in the same manner to the state court of appeals as it

---

[11] First Assignment of Error: Appellate counsel failed to raise the issue of "Sufficiency of the evidence." Therefore creating Ineffective Assistance of of appellate counsel; Third Assignment of Error: Appellate counsel failed to raise the issue of failure to "Instruct the jury on Lesser Included Offense.  Therefore creating Ineffective assistance of appellate counsel; and Fifth Assignment of Error: Appellate counsel was ineffective for failing to argue "Allied Offenses," correctly. Doc. 11-1, pp. 118-126 (Exhibit 13).

[12] Proposition of Law 1: Appellate counsel failed to raise the issue of "Sufficiency of the evidence." Therefore creating Ineffective Assistance of of appellate counsel; Proposition of Law 3: Appellate counsel failed to raise the issue of Trial Court failed to instruct the jury on the lesser Included Offense of Sexual Battery as charged in the indictment; and Proposition of Law 5: Appellate counsel was ineffective for failing to argue "Allied Offenses," correctly. Doc. 11-1, pp. 168-176 (Exhibit 20).

was to the Ohio Supreme Court and as it is being argued here.  In his App. R. 26(B) Application

for Reopening, Murphy did not identify what lesser included offense the trial court should have

instructed the jury on.  Doc. 11-1, p. 122 (Exhibit 13); Doc. 11-1, p. 140 (Exhibit 15).  However,

in his Memorandum in Support of Jurisdiction following the state court of appeals' denial of his

application to reopen his appeal, Murphy refined his argument and specified that his appellate

counsel was ineffective for failing to argue the trial court's failure to instruct the jury on the

lesser included offense of sexual battery as charged in the indictment.  Doc. 11-1, pp. 172

(Exhibit 20).  Thus, to the extent that Murphy did not fairly present both the factual and legal

underpinnings of his claim that appellate counsel was ineffective for failing to raise an issue with

respect to a lesser included jury instruction, Murphy may have also procedurally defaulted that

claim such that it cannot serve as cause for the procedural default of Ground One without a

showing of cause and prejudice for that default.[13]  *Edwards*, 529 U.S. at 450-451 ("[A]

procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the

procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and

prejudice' standard with respect to the ineffective-assistance claim itself."); *McMeans v.*

*Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("A claim may only be considered 'fairly' presented

if the petitioner asserted both the factual and legal basis for the claim to the state courts.").

  However, since Murphy did present a claim that this appellate counsel was ineffective for

not raising an issue with respect to lesser included offense jury instructions in his App. R. 26(B)

Application and in his appeal to the Ohio Supreme Court from the Eighth District Court of

Appeals' denial of that Application, the undersigned will provide Murphy the benefit of the

---

[13] Additionally, other than the reference in his Petition that he was claiming that his appellate counsel did not raise
the lesser included offense issue on appeal, Murphy does not present further argument in his traverse with respect to
this argument.  Accordingly, Murphy may have waived his argument.  *See McPherson v. Kelsey*, 125 F.3d 989, 995–
96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed
argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most
skeletal way, leaving the court to . . . put flesh on its bones.")  (citations omitted).

doubt and also conduct further analysis of this claim to determine whether it may serve as cause for Murphy's procedural default of Ground One.

In order for ineffective assistance of counsel to serve as cause to excuse a procedural default, counsel's performance must be *constitutionally* ineffective. *Edwards*, 529 U.S. at 451; *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006). When a claim of ineffective assistance of counsel is raised to demonstrate cause for procedural default rather than as a "free-standing" claim of ineffective assistance of counsel, the deference afforded a state court's adjudication of that claim under 28 U.S.C. § 2254(d) does not apply. *Allen v. Harry*, 497 Fed. Appx. 473, *481 (6th Cir. 2012), *cert. denied*, 133 S.Ct. 1596 (2013) (citing *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009) ("An argument that ineffective assistance of counsel should excuse a procedural default is treated differently than a free-standing claim of ineffective assistance of counsel . . . the latter must meet the higher AEDPA standing of review, while the former need not.") (internal citations and quotations omitted); *see also Dixon*, 2008 WL 540905, *5. The federal district court conducts "an independent assessment . . . to ascertain whether the alleged ineffectiveness was sufficient to constitute 'cause' to excuse procedural default."[14] *Dixon*, 2008 WL 540905, *5.

The right to effective assistance of counsel extends to the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387 (1984). *Strickland v. Washington*, 466 U.S. 668 (1984), establishes the standard for assessing claims of ineffective assistance of counsel, including those relating to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (finding that *Strickland* provided the proper standard for addressing whether appellate counsel was ineffective for failing to file a

---

[14] In his Return of Writ, Respondent's argument appears to be based on the premise that AEDPA's deference applies when assessing whether an ineffective assistance of counsel claim can constitute cause for a procedural default. Doc. 11, pp. 15-18. However, as discussed herein, even when Murphy's claims of ineffective assistance of appellate counsel are independently assessed, Murphy is unable to establish cause for his procedural default.

merits brief); *Burger v. Kemp,* 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

Under the *Strickland* standard, to establish that his attorney was constitutionally ineffective, Murphy must demonstrate that (1) the attorney made such serious errors he was not functioning as "counsel" guaranteed by the Sixth Amendment; and (2) counsel's allegedly deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  Appellate counsel is not obligated to advance every possible argument on appeal.  *Jones v. Barnes*, 463 U.S. 745, 750-54 (1983); *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004).

> *Appellate counsel was not constitutionally ineffective for not raising on appeal*
> *the trial court's failure to instruct on a lesser included offense*

Murphy claims that his appellate counsel failed to challenge the trial court's decision not to instruct on lesser included offenses of sexual battery and G.S.I. (gross sexual imposition).[15] Doc. 1, p. 5.  To serve as cause for his procedural default of Ground One, Murphy must demonstrate that his appellate counsel was constitutionally ineffective.  Murphy is unable to meet his burden.

The jury was instructed on sexual battery.  Doc. 12-1, pp. 129-130 (Transcript, Vol. 4 of 4, pp. 696-697).  Thus, to the extent that Murphy claims error because appellate counsel did not challenge the trial court's failure to instruct on sexual battery, his claim is factually without merit.

Further, "[a]n appellant has no constitutional right to have every nonfrivolous issue raised on appeal . . . and tactical choices regarding issues on appeal are properly left to the sound judgment of counsel."  *Baldwin v. Beightler*, 2009 WL 2705922, * 12 (N.D. Ohio Aug. 26, 2009) (citing *Jones v. Barnes*, 463 U.S. 745, 750-754 (1983) and *United States v. Perry*, 908 F.2d 56,

---

[15] Murphy does not state what his abbreviation "G.S.I." stands for but Respondent, in his Return of Writ, references gross sexual imposition when discussing Murphy's first ground for relief. Doc. 11, p. 15.

59 (6th Cir.), *cert. denied*, 498 U.S. 1002 (1990)).  At trial, against the advice of his counsel, Murphy instructed his counsel not to request that the jury be instructed on lesser included offenses (Doc. 12-1, p. 22 (Transcript, Vol. 4 of 4, p. 589)).  Thus, to the extent he argues that appellate counsel should have raised as error the trial court's failure to instruct on other lesser included offenses such as gross sexual imposition, Murphy is unable to demonstrate that his appellate counsel was ineffective for not challenging the trial court's jury instructions inasmuch as Murphy himself did not want those instructions provided. *See Edwards v. Mack*, 4 Fed. Appx. 215, * 217-218 (6th Cir. 2001) (affirming a district court's denial of a habeas petition on the basis of ineffective assistance of trial counsel where the defendant, against the advice of his counsel, did not want the jury instructed on lesser included offenses).

Even if Murphy could demonstrate that his appellate counsel's decision not to challenge the trial court's jury instructions was not a tactical decision left to the sound discretion of counsel, Murphy has failed to argue, nor can he demonstrate, that there is a reasonable probability that the result of the proceeding would have been different but for his appellate counsel's actions.

Since Murphy cannot demonstrate that his appellate counsel was constitutionally ineffective for not challenging the trial court's jury instructions, he cannot establish cause or prejudice to overcome his procedural default of Ground One.  Accordingly, the undersigned recommends that the Court find Ground One procedurally barred from federal habeas review and deny Murphy federal habeas relief based on Ground One.

### *Appellate counsel was not constitutionally ineffective for the manner in which she argued allied offenses on appeal*

Murphy claims that his "appellate counsel failed to properly raise the issue of allied offenses of similar import."  Doc. 25, p. 7.  To serve as cause for his procedural default of

Ground Four, Murphy would need to demonstrate that his appellate counsel was constitutionally ineffective.  Murphy is unable to meet his burden.

He alleges that his appellate counsel filed Murphy's merit brief in his direct appeal on January 7, 2011, but failed to cite to *State v. Johnson*, 128 Ohio St.3d 153 (2010), which was decided on December 29, 2010, and that Murphy asserts was the leading case in Ohio with respect to allied offenses.  Doc. 25, pp. 9-14.  Murphy attempts to argue that, because his appellate counsel did not argue his allied offense assignment of error based on the *Johnson* case, the state appellate court did not consider whether Murphy had a separate animus in committing all four alleged sex acts.  Doc. 25, p. 13.

While Murphy disagrees with the state court of appeals' analysis of his allied offense argument, Murphy does acknowledge that the state appellate court considered his allied offensse assignment of error under *Johnson*.  Doc. 25, pp. 9-14; Doc. 11-1, pp. 88-91 (Exhibit 9, Eighth District Court of Appeals' Journal Entry and Opinion).  Since the state court of appeals considered his allied offenses assignment of error under *Johnson*, even if Murphy could meet the first prong of *Strickland*, he has not demonstrated that there is a reasonable probability that the result of the proceeding would have been different but for his appellate counsel's actions. For example, Murphy himself states, "[t]he Appellate Court *may or may not* have still decided the issue the way it did, but regardless, without looking at the issue from Murphy's point of view on allied offenses under *Johnson*, the Appellate Court reached its conclusion unjustly."  Doc. 15, p. 10 (emphasis supplied). Thus, Murphy cannot demonstrate that his appellate counsel was constitutionally ineffective because of the manner in which she argued the allied offenses assignment of error.

Since Murphy cannot demonstrate that his appellate counsel was constitutionally ineffective because of the manner in which she argued the allied offense assignment of error, he cannot establish cause or prejudice to overcome his procedural default of Ground Four. Moreover, as discussed earlier, Murphy did not timely appeal the state court of appeals' decision with respect to his allied offenses argument to the Ohio Supreme Court and he fails to argue or establish cause for his failure to do so.  Thus, even if Murphy's appellate counsel's performance was deemed to have been constitutionally ineffective with respect to Murphy's direct appeal in the Eighth District Court of Appeals, Murphy has not demonstrated cause and prejudice for his failure to timely appeal the Eighth District Court of Appeals' decision on his allied offenses assignment of error

Accordingly, the undersigned recommends that the Court find Ground Four procedurally barred from federal habeas review and deny Murphy federal habeas relief based on Ground Four.

*Appellate counsel was not constitutionally ineffective for not raising on appeal a claim of insufficient evidence*

Murphy claims that his "appellate counsel was ineffective for failing to raise the issue of sufficiency of evidence."  Doc. 25, pp. 6-7.  To serve as cause for his procedural default of Ground Five, Murphy would need to demonstrate that his appellate counsel was constitutionally ineffective.  Murphy alleges that, although his appellate counsel raised a manifest weight of the evidence claim on appeal, her failure to also raise a sufficiency of the evidence claim constituted ineffective assistance of counsel.  Doc. 25, pp. 14-18.

A sufficiency of the evidence claim is different from a manifest weight of the evidence claim.  *See Tibbs v. Florida*, 457 U.S. 31, 45 (1982); *State v. Thompkins*, 78 Ohio St.3d 380, 386-387 (1997).  However, courts have held that, "[w]hen a state appellate court determines that a conviction is not against the manifest weight of the evidence, that necessarily includes a

determination that the evidence is sufficient to support the conviction."[16]  *Glenn v. Bobby*, 2013 WL 3421888, *9 (N.D. Ohio July 8, 2013); *Baldwin v. Beightler*, 2009 WL 2705922, * 16 (N.D. Ohio Aug. 26, 2009) (quoting *State v. Lee*, 158 Ohio App.3d 129 (2004)) ("because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency"); *Thomas v. Bobby¸*2007 WL 295456, * 2 (N.D. Ohio Jan. 29, 2007) (indicating that, "a court's finding that a conviction is supported by the manifest weight of the evidence necessarily means that the court has found that the conviction is supported by sufficient evidence.").

Here, the Eighth District Court of Appeals concluded that Murphy's conviction was not against the manifest weight of the evidence.  Doc. 11-1, pp. 86-99 (Exhibit 9).  Thus, since it may be said that the state appellate court implicitly found that there was sufficient evidence to support Murphy's conviction, his "[a]ppellate counsel's performance cannot be said to have been constitutionally ineffective for failing to raise a claim of insufficient evidence when that claim would not have prevailed." *Baldwin*, 2009 WL 2705922, * 16; *see also Thomas¸* 2007 WL 295456, * 2 (where the state appellate court found that conviction was not against the manifest weight of the evidence, petitioner was unable to demonstrate ineffective assistance of counsel on the basis that appellate counsel failed to raise a sufficiency of evidence claim).

Since Murphy cannot demonstrate that his appellate counsel was constitutionally ineffective for not raising a sufficiency of the evidence claim in addition to the manifest weight of the evidence claim, he cannot establish cause or prejudice to overcome his procedural default of Ground Five.  Accordingly, the undersigned recommends that the Court find Ground Five

---

[16] Murphy presented a manifest weight of the evidence claim in his direct appeal. Doc. 11-1, pp. 41-48 (Exhibit 7, Assignment of Error II).  However, he failed to timely appeal to the Ohio Supreme Court and does not argue cause and prejudice for his failure to timely appeal to the Ohio Supreme Court.  Therefore, Murphy procedurally defaulted his manifest weight claim as well as a sufficiency of the evidence claim, to the extent that his manifest weight claim could be said to include a sufficiency claim.

procedurally barred from review by this Court and deny Murphy federal habeas relief based on Ground Five.

<u>Grounds Two and Three</u>

In Ground Two, Murphy seeks federal habeas relief based on prosecutorial misconduct. Doc. 1, p. 6.  In Ground Three, he seeks federal habeas relief based on inconsistent verdicts. Doc. 1, p. 8.  Murphy has conceded procedural default of Grounds Two and Three (Doc. 25, p. 5) and has not attempted to argue that there is cause or prejudice or a fundamental miscarriage of justice to excuse his procedural default of those grounds.  "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (citations omitted); *Meridia Prods. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir. 2006).  Accordingly, the undersigned recommends that the Court find Grounds Two and Three procedurally defaulted and deny Murphy's request for federal habeas relief based on Grounds Two and Three.

**2.  Ground Six and Seven**

In Grounds Six and Seven, Murphy alleges:

**Ground Six:**  Ineffective assistance of Appellate Counsel because she admitted guilt twice in her appellate brief, under murphy's Allied Offense argument.[17]

**Ground Seven:**  Ineffective Assistance of Trial Counsel because he admitted guilt during murphy's trial.  Trial Counsel stated "we all know Murphy committed a crime."  That statement prejudiced defendant's rights to a fair trial.

Doc. 1.

---

[17] The alleged ineffective assistance of appellate counsel in Ground Six is different than the alleged ineffective assistance of appellate counsel discussed above in connection with Grounds One through Five.

In his Traverse, Murphy concedes that "Grounds Six and Seven are procedurally barred and therefore will not be litigated."  Doc. 25, p. 19.

In addition to Murphy's concession, a review of the record demonstrates that Murphy did not present the claims in Grounds Six and Seven for review by the state courts.  Doc. 11-1, pp. 29-41 (Exhibit 7); Doc. 11-1, pp. 115-128 (Exhibit 13); Doc. 11-1, pp. 136-142 (Exhibit 15). Murphy cannot demonstrate that state court remedies remain available to him to raise the claims that he has presented in Grounds Six and Seven.  *See Baston*, 282 F.Supp.2d at 661 ("Issues not presented at each and every level cannot be considered in a federal habeas corpus petition"); *see also Williams*, 460 F.3d at 806 ("If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted.").  Nor has he attempted to argue that he can overcome his procedural default of Grounds Six and Seven by demonstrating cause and prejudice or a fundamental miscarriage of justice.

Accordingly, the undersigned recommends that the Court find Grounds Six and Seven procedurally defaulted and deny Murphy's request for federal habeas relief based on Grounds Six and Seven.

### IV.    CONCLUSION and RECOMMENDATION

For the reasons stated herein, Murphy's grounds for relief are procedurally defaulted.

Accordingly, the undersigned recommends that Murphy's Petition for writ of habeas corpus

(Doc. 1) be **DENIED**.

Dated: February 19, 2014

Kathleen B. Burke
United States Magistrate Judge


### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days after the party objecting has been served with a copy of this
Report and Recommendation.  Failure to file objections within the specified time may waive the
right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir.
1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).